IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEAL MCCAIN,

    Plaintiff,                         No. 2:12-cv-2723 JAM KJN PS

    vs.

STATE CHILD PROTECTIVE SERVICES,

    Defendant.                     FINDINGS AND RECOMMENDATIONS

/

        Plaintiff Gabrieal McCain, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Here, plaintiff alleges that "state child protective services caused a legal conflict of interest in all court pleadings, filings, and paperwork to the court and they had 2 representations for the same case of mine at the same time with another clients [sic] judgment filed stamped [sic] as my court judgment and there was no help for the matter." (Dkt. No. 1 at 1.) Based on these allegations, plaintiff asserts a claim for legal malpractice against defendant "State Child Protective Services," requesting damages for loss of his children and certain attorneys' fees incurred. (Id.)

Even if a party does not question the court's subject matter jurisdiction, the court is required to raise and address the issue sua sponte. See FW/PBS, Inc. v. City of Dallas, 493

U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction...."); see also United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Here, plaintiff's complaint only alleges a state law claim for legal malpractice and does not state any federal claims. Accordingly, there is no federal question jurisdiction.

Additionally, there is no diversity of citizenship jurisdiction, because the parties are not completely diverse. Plaintiff is alleged to be a resident of Sacramento, California, and defendant "State Child Protective Services" (presumably the Child Protective Services division of the California Department of Social Services) is a California state agency located in California. (Dkt. No. 1.) Thus, both plaintiff and defendant are citizens of California.

Therefore, because there is neither federal question nor diversity jurisdiction, this court lacks subject matter jurisdiction over the action. Accordingly, the court is required to dismiss the action, but without prejudice to plaintiff pursuing any appropriate claim(s) in state court.[2]

---

[2] Even if plaintiff were able to allege a federal claim for damages against defendant, such a claim would be barred by the Eleventh Amendment. "The Eleventh Amendment bars suits for

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

2. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED AS MOOT; and

3. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: November 8, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Thus, granting leave to amend to allege a federal claim would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).